### Case No. 8,511.

LORILLARD et al. v. RIDGWAY.

SAME v. SELLERS.

[4 Ban. & A. 564;[1] 16 O. G. 1231; Merw. Pat. Inv. 254; 14 Phila. 410; 36 Leg. Int. 444; 25 Int. Rev. Rec. 377.]

Circuit Court, E. D. Pennsylvania. Oct. 31, 1879.

PATENTS—METALLIC TAGS IMPRESSED ON TOBACCO —PATENTABLE INVENTION.

The first and third claims of reissued patent No. 7,362, granted to Charles Seidler, October 24th, 1876, for improvement in plug tobacco, held invalid for want of patentable invention. The case of Lorillard v. McDowell [Case No. 8,-510], upon the additional proof offered in this case, not followed.

[Cited, but not followed, in Lorillard v. Carroll, 9 Fed. 510.]

[These were suits in equity by Peter Lorillard and others against Eli Ridgway and against Sellers, alleging infringement of certain patents.]

George Harding and John R. Bennett, for complainants.

C. A. Seward, S. S. Boyd, and A. J. Todd, for defendants.

McKENNAN, Circuit Judge. When Seidler's patent (reissue No. 7,362, dated October 24th, 1876) was before me, on a motion for a

[1] [Reported by Hubert A. Banning, Esq., and Henry A. Arden, Esq., and here reprinted by permission.]

preliminary injunction, in the case of Lorillard v. McDowell [supra], it was held that the patent was not void by reason of any essential difference between it and the reissue; that the invention described in it was not a double use of an old device, because it did not appear "to have been used for any purpose analogous to that contemplated by the patentee, or even remotely suggestive of such use," and that, under the proofs exhibited of the state of the art, there was sufficient inventiveness involved in its production to sustain its patentability. But the proofs presented here very much circumscribe the field left unoccupied by devices of the class to which the alleged invention belongs.

Impressions were made upon tobacco, in the process of manufacture, by the application of metallic and other hard substances, under heavy pressure, the imprint of which was left upon the tobacco after they were withdrawn. This was done for the purpose of distinguishing or identifying the tobacco. These impressing substances were left only temporarily in the tobacco, but it is apparent, that they might have remained permanently in it, if it had been so desired. The only objection to this would be the superficial and insecure method of their attachment to the tobacco. Seidler, however, obviated this defect by providing projections or prongs on the under side of his tag, which, by sinking deeper into the tobacco, gave it a secure attachment. But he did not invent this device, and, if he did, it is difficult to see how the mere attachment of prongs to a flat disk, which had been used before, would involve a patentable exercise of inventiveness.

Another feature of his alleged invention consists, as stated in the third claim, in "having letters or other decorative and distinguishing marks produced on a hard metallic surface, and pressed, as specified." It is abundantly shown, by the proofs, that letters and distinguishing marks had been produced upon the surface of tobacco, and that machines had been patented to make such impressions, before the date of Seidler's patent. The objects of these marks were in both cases the same. The only difference is, that in the one case they were impressed upon the surface of the tobacco, and in the other upon a metallic disk attached to the tobacco. To put these marks upon a metallic tag, if greater permanence was desired, instead of upon the tobacco to which it was attached, would obviously very readily suggest itself to the common mind, and the conception does not rise to the dignity of invention.

The only claims of the patent which are involved in this suit are the first and third, and the proofs as to the state of the art, leave so little for them to rest upon, that they cannot be sustained, and the bill must, therefore, be dismissed with costs.

[For other cases involving this patent, see note to Lorillard v. Carroll, 9 Fed. 509.]